**UNITED STATES of America,
Plaintiff–Appellee,**

v.

Gerardo FIGUEROA–CASTRO, true name Gerardo Alfonso Castro–Godinez, also known as Gerardo Godinez–Castro, also known as Alfonso Castro–Godines, Defendant–Appellant.

No. 04–41516.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 15, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Gerardo Figueroa–Castro appeals his sentence under 8 U.S.C. § 1326 for illegal re-entry into the United States after having been deported. First, Figueroa asserts that the district court erred in concluding that his prior state felony conviction for simple possession of cocaine was an "aggravated felony" for purposes of 8 U.S.C. § 1326(b). Our precedent holds that a state felony conviction for simple drug possession is properly considered an aggravated felony for purposes of § 1326(b). *See United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir. 2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Accordingly, this issue is foreclosed.

Second, Figueroa asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), controls this issue. We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted). This issue is also foreclosed.

The district court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.